**IN THE CIRCUIT COURT OF THE
TWENTIETH JUDICIAL CIRCUIT IN
AND FOR LEE COUNTY, FLORIDA**

**CASE NUMBER:**

**HARVEY AND STACY YOUNGQUIST,**

      **Plaintiffs,**

**v.**

**FIRST COMMUNITY INSURANCE
COMPANY,**

      **Defendant.**

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

**COMES NOW**, Plaintiffs, Harvey and Stacy Youngquist, by and through the undersigned

counsel and sues Defendant, First Community Insurance Company, and alleges as follows:

1. This is an action for breach of contract with damages greater than Fifty Thousand

Dollars ($50,000.00), exclusive of interest, costs, and attorney's fees.

2. At all material times hereto, Plaintiffs, Harvey and Stacy Youngquist (hereinafter

"Plaintiff"), were and are Florida resident.

3. At all material times hereto, Defendant, First Community Insurance Company, was

a corporation duly licensed to transact insurance business in the State of Florida. Defendant does

business, has offices, and/or maintained agents for the transaction of its customary business in Lee

County, Florida.

4. Jurisdiction and venue of this matter are proper in Circuit Court for Lee County,

Florida.

5.      Prior to September 28, 2022, Plaintiffs sought and purchased property insurance from Defendant to cover their property located at 7209 Hendry Creek Drive, Fort Meyers, Florida, 33908, (hereinafter "Plaintiffs' Property"). Said policy of insurance, which is believed to be policy number 09-6820270995-02 (hereinafter "Plaintiffs' Policy"), was issued by Defendant to Plaintiffs to provide insurance coverage that included, but was not limited to, coverage afforded to protect Plaintiff's Property against Hurricane damage.

6.      Plaintiffs' Policy was in full force and effect as of September 28, 2022. A formal copy of the Plaintiffs' Policy is not currently in the possession of Plaintiffs, but is well known to Defendant, and has been requested by Plaintiffs through a Request to Produce, which has been served upon Defendant contemporaneously with this Complaint. See: Equity Premium, Inc. v. Twin City Fire Ins. Co., 956 So.2d 1257 (Fla 4th DCA 2007); Amiker v. Mid-Century Ins. Co., 398 So.2d 974 (Fla 1st DCA 1981); Parkway General Hospital, Inc. v. Allstate Ins. Co., 393 So.2d 1171 (Fla. 3rd DCA 1981) and Sasche v. Tampa Music Co., 262 So.2d 17(Fla. 2nd DCA 1972).

7.      On or about September 28, 2022, Plaintiffs' Property was damaged by a Hurricane event. Said herein stated cause of loss event was covered under Plaintiffs' Policy, and Defendant assigned the loss as claim number 384924.

8.      This is an action related to Defendant's breach of contract for failure to fully indemnify Plaintiffs from loss.

## COUNT I - BREACH OF CONTRACT AGAINST DEFENDANT

**COMES NOW**, Plaintiffs, Harvey And Stacy Youngquist, by and through the undersigned counsel and sue Defendant, First Community Insurance Company, and alleges as follows:

9.      Plaintiffs alleges paragraphs 1 through 8 above and incorporates the same by reference herein.

10.     Plaintiffs are a named insured under Plaintiffs' Policy which was in full force and effect all times material to this Complaint.

11.     Plaintiffs have complied with all conditions precedent to this lawsuit which entitles Plaintiffs to recover under Plaintiffs' Policy, or any such conditions have been waived by the Defendant.

12.     Despite demand for payment, Defendant has failed or refused fully indemnify Plaintiffs from the amount of loss.

13.     Defendant's refusal to reimburse Plaintiffs adequately for damages, and otherwise make Plaintiffs whole, constitutes a breach of contract.

14.     Plaintiffs have been damaged as a result of Defendant's breach in the form of insurance proceeds which have not been paid, interest, costs, and attorney's fees.

15.     Plaintiffs have been and remain fully prepared to comply with all of the Policy's obligations.

16.     As a result of Defendant's breach of contract, it has become necessary that Plaintiffs retain the services of the undersigned attorneys pursuant to Sections 627.70152 (July 1, 2021), 627.428 (July 1, 2021), 626.9373 (July 1, 2021), 57.041, 57.104, Florida Statutes. Plaintiffs are obligated to pay a reasonable fee for the undersigned attorney's services in bringing this action, plus necessary costs.

17.     Plaintiffs are entitled to recover attorney's fees and costs under Sections 627.70152 (July 1, 2021), 627.428 (July 1, 2021), 626.9373 (July 1, 2021), 57.041, 57.104, Florida Statutes.

**WHEREFORE**, Plaintiffs, Harvey and Stacy Youngquist, by and through the undersigned counsel, demands judgment against Defendant, First Community Insurance Company, for all damages with interest, costs, attorney fees pursuant to Sections 627.70152 (July 1, 2021), 627.428 (July 1, 2021), 626.9373 (July 1, 2021), 57.041, 57.104, Florida Statutes, and for all other remedies the Court sees fit to grant, and Plaintiff demands trial by jury.

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that a true and correct copy of this document will be served on Defendant along with the Summons in this action.

**Date: May 10, 2023**

*/s/*Kailey Evans
_____
**COHEN LAW GROUP**
Kailey Evans, Esq.
*FOR THE FIRM*
Florida Bar Number: 0068695
350 North Lake Destiny Road
Maitland, Florida 32751
Phone: (407) 478-4878
Fax: (407) 478-0204
Primary: kevans@itsaboutjustice.law
Secondary: Danielle@itsaboutjustice.law